# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### (FT. MYERS DIVISION)

STEVE BARKER

          Plaintiff,

v.

FEDEX, a Foreign coporation doing business in
The State of Florida,

          Defendant.

Case No.:

**VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

## NATURE OF ACTION

Plaintiff, STEVE BARKER, by and through his undersigned attorney, referred to as (the "**Plaintiff**") sues Defendant FedEx, a Foreign Corporation doing business in the State of Florida ("Defendant"), for damages in EXCESS of $ 75, 000 for violations of his civil rights occurring during his employment relationship with Defendant. The Plaintiff sues under The Age Discrimination Employment Act of 1967 ("ADEA"); and Florida Civil Rights Act ("FCRA") under Chapter 760 of the Florida Statutes.

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343. This action arises under 42 U.S.C. Sections 2000e *et seq*. This Court has supplemental jurisdiction over Plaintiff State law claims pursuant to 28 U.S.C. Section 1367. This Court has original jurisdiction over Plaintiff's claims that arise under federal law and supplemental jurisdiction over his related state law claim(s).

2. Plaintiff has exhausted his administrative remedies. Plaintiff filed a charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").
Thereafter, by letter dated February 28, 2019, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue. All conditions precedent to institution of this action by Plaintiff has been fulfilled.

3. Pursuant to 28 U.S.C. Section 1391, venue of this action is proper in the Middle District of Florida, Fort Myers Division because all of the alleged unlawful acts complained of herein occurred in Palm Beach, County, Florida.

## PARTIES

4. At all times material hereto, Defendant continuously has been doing business in the State of Florida, and continuously has had at least 50 employees. At all times material hereto, Defendant continuously has been an employer engaged in an industry effecting commerce within the meaning of the ADEA.

5. The Plaintiff is a natural person residing in the Middle District. At all times material hereto, Plaintiff was employed by Defendant.

## FACTUAL ALLEGATIONS

6. Defendant hired the Plaintiff in a position of a Driver.

7. At all times material hereto, Plaintiff was employed by Defendant.

8. That the Plaintiff was subjected to disparate treatment because of his AGE and being treated differently than his co-workers in terms and conditions of his employment.

9. On or about May, 2017, the Plaintiff after many years of being passed over for promotion, applied for another route that would provide full time status, only to be passed over by someone in his twenties.

10. The Plaintiff transferred from Bradenton to Punta Gorda for a position for a full time route and yet again he was passed over for a younger person, with less experience.

11. That the Plaintiff was subjected to discipline for suspension as a result of

actions that were not based upon merit, and the Plaintiff filed through his attorney an E.E.O.C. charge of discrimination, and was retaliated against by being terminated.

12. That the Plaintiff complained to Corporate Human Resource Department regarding the disparate treatment on over a dozen times in 2018, without any just result.

13. That the Disparate Treatment created an atmosphere that hindered the work environment and affected the Plaintiff, and a result Plaintiff has suffered emotional distress and continues to suffer emotional harm.

14. The Plaintiff is responsible for the undersigned reasonable attorney fees, and reimbursement of costs.

### COUNT I
### DEFENDANT HAS VIOLATED THE FLORIDA CIVIL RIGHTS ACT
### (Disparate Treatment)
### Chapter 760 of Florida Statutes

15. Plaintiff adopts and realleges paragraphs 1-14 above as if incorporated herein.

16. Plaintiff is a member of a protected class because of his AGE.

17. Defendants are employers that employs over **50** people, and is subject to FCRA, Section 760.10, Florida Statutes, Chapter 760 states:

**It is against the law to discriminate in employment on the basis of race, color, religion, sex, national origin, age, handicap or marital status.**

18. Plaintiff a member of a protected class because of AGE. The Defendants

are an employer that employs over **50** people, and is subject to Chapter 760 of the Florida Statutes. That Defendant violated the terms under the Chapter 760 of The Florida Statutes.

19. That the Plaintiff suffered disparate treatment as described in paragraphs above.

20. The Defendants intentionally discriminated against Plaintiff.

21. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as employee.

22. The unlawful employment practices complained of were intentional.

23. The unlawful employment practices against the Plaintiff was done with malice or reckless indifference to the Plaintiff's State protected rights.

24. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to his professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, award employment retirement package, punitive damages, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT II
## DEFENDANT HAS VIOLATED
## ADEA ACT OF 1967

25. Plaintiff adopts and realleges paragraphs <u>1-14</u> above as if <u>incorporated herein</u>.

26. Plaintiff is a member of a protected class because of his AGE over age of 40.

27. The Defendant is an employer that employs over **50** people, and is subject to ADEA.

28. That the Plaintiff throughout his tenure with Defendants suffered Disparate treatment in the terms and conditions of his employment.

29. That the Plaintiff suffered age discrimination and was subjected to a hostile work environment as described in paragraphs above.

30. The Defendants has intentionally discriminated against Plaintiff and Plaintiff in particular in violation of ADEA.

31. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as employee.

32. The unlawful employment practices complained of were intentional.

33. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

34. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will

continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, Punitive Damages, lost back pay, front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT III

## PLAINTIFF'S CLAIM OF RETALIATION IN VIOLATION OF ADEA

35. Plaintiff adopts and realizes paragraphs 1-14 above as if incorporated herein.

36. That the Defendants retaliated against the Plaintiff as described in paragraph above.

37. Defendant took adverse employment action against Plaintiff as described above Paragraphs because of his complaints of Disparate Treatment and took measures of retaliation as described above by terminating the Plaintiff as a result of his filing of the EEOC filing.

38. Defendant's adverse action against Plaintiff was in violation of ADEA.

39. Defendant's adverse employment action was intentional, and with malice or reckless indifference to the federally protected rights of Plaintiff.

40. As a direct and proximate result of Defendant's unlawful employment practices and in violation, Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, Punitive Damages, lost back pay, position and/or front pay equivalent position, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), and FCRA, the Plaintiff hereby demands a trial by jury on all issues triable of rights by a jury.

Respectfully submitted,

DISCRIMINATION LAW
CENTER, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
(561) 271-1769 tel.
(561) 299-3892 fax.

By:   /s/ Jay F. Romano
     Jay F. Romano
     Trial Attorney
     Florida Bar No.: 0934097

**VERIFICATION CLAUSE**

I _Steve Barker_ ON THIS _25_ DAY OF _April_, 2019, STATE THAT THE ALLEGATIONS ARE TRUE AND CORRECT AS LISTED ABOVE.

*[signature]*
Steve Barker

By: /s/ Jay F. Romano
Jay F. Romano
Trial Attorney
Florida Bar No.: 0934097